UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ROBERT WILSON MOSS, JR., | ) | | |
|---|---|---|---|
| Movant, | ) ) ) | | |
| v. | ) ) | Case No. | CV413-178 CR491-176 |
| UNITED STATES OF AMERICA, | ) ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), the Eleventh Circuit Court of Appeals has granted Robert Moss, Jr. leave to file a second or successive motion to vacate, set aside, or correct his federal sentence. It has directed this Court to consider afresh the appellate court's initial, "limited determination" that Moss' latest motion relies upon a Supreme Court decision announcing a new rule of constitutional law that was not previously available and that has been made retroactive to cases on collateral review. *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013). Should this Court conclude that Moss has in fact satisfied the

requirements of §§ 2255 and 2244(b)(3)(A), then it shall address the merits of his motion.

This Court agrees with the appellate court's "*prima facie*" assessment that the case Moss relies upon, *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011 (2010), did announce a new rule of constitutional law when it held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 130 S. Ct. at 2034; *Moss*, 703 F.3d at 1303. It further concurs with the appellate court's initial determination that *Graham* has been made retroactively applicable by the Supreme Court to cases on collateral review. *Moss*, 703 F.3d at 1303. But while Moss has met the statutory requirements for filing a second or successive § 2255 motion, he loses on the merits because he has failed to establish that the *Graham* decision has any application to the undisputed facts of his case.

As the Eleventh Circuit noted, *Graham* "'was the first recognition that the Eighth Amendment bars imposition of life imprisonment without parole on non-homicide offenders under the age of eighteen.'" *Moss*, 703 F.3d at 1302-03 (quoting *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011)).

As *Graham* places such offenders beyond the power of the government to impose life imprisonment, it is clearly substantive. *In re Morgan*, 713 F.3d 1365, 1368 (11th Cir. 2013) ("A new rule is substantive when that rule places an entire class beyond the power of the government to impose a certain punishment regardless of the procedure followed . . ."). *Graham*, therefore, established "a new rule of constitutional law" within the meaning of § 2255(h)(2).

While the Supreme Court has never explicitly held that *Graham* is retroactive on collateral review, it implicitly did so when it relied upon that case in later reversing two state habeas decisions. *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012) (addressing cases from Alabama and Arkansas). The holding in *Miller* "necessarily dictate[s] retroactivity of the new rule" announced in *Graham*. *Tyler v. Cain*, 533 U.S. 656, 666 (2001). Further, a new rule in a criminal case is generally retroactive if, as *Graham* does, "'it prohibit[s] a certain category of punishments for a class of defendants because of their status or offense.'" *Moss*, 703 F.3d at 1303 (citation omitted).

But while Moss relies upon a case that satisfies § 2255(h)(2)'s second or successive application requirements, he loses on the merits because *Graham* has no application here. Moss turned eighteen just two months before being arrested for his involvement in the Ricky Jivens drug gang, (Presentence Investigation Report ("PSI") at 1; *id.* at 6, ¶25), but his conviction was *solely* for crimes he committed *after* he turned eighteen. Indeed, the district judge explicitly instructed the jury that:

> Defendant Robert Moss, Jr.'s eighteenth birthday was on July 21, 1991. Therefore, to find defendant Robert Moss, Jr. guilty of any of the charges pending against him, you must find that the government has proven beyond a reasonable doubt that Robert Moss, Jr. engaged in the criminal conduct with which he is charged on or after July 21, 1991.

(Cr. doc. 612 at 1802-02.)

Moss is correct that the recommended guidelines sentence of life imprisonment was based, in part, upon conduct and convictions that occurred prior to his eighteenth birthday. (PSI ¶ 47.) But the *Graham* Court repeatedly emphasized that it was applying a bright-line, categorical rule prohibiting the imposition of a life sentence for crimes committed exclusively *before the age of eighteen*. *Graham*, 560 U.S. at 70, 74, 79 (repeatedly using the terms "juvenile offender" and "juvenile

4

nonhomicide offender"). Moreover, the government correctly points out that the decision in *Graham* itself referred to a Federal Bureau of Prisons letter showing there were no federal prisoners to which its holding would apply. *Graham*, 560 U.S. at 64 n.* ("The letter . . . stated that the Government was not aware of any . . . federal prisoners serving life without parole sentences solely for juvenile nonhomicide crimes.").[1] In Justice Thomas's dissent, he explains that the Bureau's letter showed that there were inmates, who, like Moss, were serving life sentences for convictions involving unlawful conspiracies that began when they were juveniles but ended after they reached adulthood. *Id.* at 111 n.10. Clearly, the Court would have directly addressed those cases had it intended its ruling to apply to them.

The Court has also canvassed federal case law to see if any cases had stretched the *Graham* ruling to fit Moss' version of its holding. It could find none. Instead, the lower courts have consistently held that enhancing an adult offender's sentence based upon juvenile conduct in no way implicates *Graham*. *See United States v. Graham*, 622 F.3d 445,

---

[1] Moss was serving a federal sentence at the time.

461-62 (6th Cir. 2010) (holding that *Graham v. Florida* did not bar a mandatory Armed Career Criminal Act term of life imprisonment where an adult conviction was enhanced in part by juvenile-age offenses); *United States v. Scott*, 610 F.3d 1009, 1018 (8th Cir. 2010 (distinguishing *Graham* on the basis that defendant did not receive a life term for offenses committed while a juvenile; "The Court in *Graham* did not call into question the constitutionality of using prior convictions, juvenile or otherwise, to enhance the sentence of a convicted adult."); *cf. United States v. Mays*, 466 F.3d 335, 339-40 (5th Cir. 2006) (holding that *Roper v. Simmons*, 543 U.S. 551 (2005), which barred the execution of offenders who were under the age of eighteen at the time of their offense, did not prevent a sentencing judge from relying upon juvenile-age convictions to sentence an adult to life imprisonment).

As the government asserts, Moss wants the Court to recognize a claim that goes beyond *Graham*'s holding. This Court is powerless to do so. Since *Graham* has no application on these facts, Moss' second § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United*

*States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___30th___ day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA