# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR491-176 |
| | ) | |
| ROBERT MOSS, JR. | ) | |

# ORDER

Represented by counsel for purposes of a clemency application, defendant Robert Moss moves the Court to reconsider its denial of his motion for access to his Presentence Investigation Report (PSI). Doc. 1532. Previously, the Court found that Moss failed to "establish[] with *particularity* the need for *specific* information in the records." Doc. 1531 (quoting L. Crim. R. 32.2). He now offers precisely that.[1] Consequently, the Court **GRANTS** his reconsideration motion. Doc. 1532.

---

[1] Moss' attorney needs access to the PSI's Sentencing Guidelines calculations and sentencing options "in order to show that Mr. Moss would be eligible for a lower sentence if he were convicted today." Doc. 1532 at 2. She needs its offense conduct information "to show that he is not violent [and] has no ties to violent crime," and to Moss' criminal history "in order to show that he does not have a significant criminal history." *Id.* Finally, counsel states that the PSI's "offender characteristics" information will be important to showing that "Mr. Moss will not be a danger to society if he is released from prison." *Id.*

The Court notes that Moss seems to be the antithesis of who the President's Clemency Project aims to aid. Some background:

Nevertheless, PSIs are confidential court records. *See* L. Crim. R. 32.2. That confidentiality is carefully maintained in order to ensure candor and the free flow of information to the probation officers who create the reports and subsequently the Court. *See, e.g., United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003) ("The free flow of information is essential to the federal district court's ability to render a fair sentence."); *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1176 (2d Cir. 1983). Consequently, Moss' counsel may access his PSI, but she must not copy or further disseminate the report to anyone without the Court's express permission. Once she no longer needs the PSI for clemency purposes, it must be returned to the Bureau of Prisons or U.S. Probation Office or destroyed.

---

> In September 1991, a federal grand jury indicted seventeen individuals as members of a crack cocaine distribution conspiracy who acted under the direction of and in concert with Ricky Maurice Jivens. The conspiracy's genesis was in late 1988. The locally notorious street-level crack gang routinely employed violence and was responsible for many homicides and aggravated assaults in Savannah. To insure loyalty and to prevent members from readily turning on their former confederates, Ricky Jivens insisted on all of the principals' "getting down," that is, killing someone before receiving any sizeable quantity of "fronted" cocaine.

*United States v. Newton*, 44 F.3d 913, 917 (11th Cir. 1994).

Moss unquestionably was a principal. Nevertheless, his attorney has articulated a specific need for particular information, so the Court will release the PSI, which directly speaks to whether Moss "is not violent and has no ties to organized crime." Doc. 1532 at 2.

**SO ORDERED**, this  11th  day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA