**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR 491-176** |
| | ) | |
| **ROBERT MOSS, JR.** | ) | |
| | ) | |

**GOVERNMENT'S POST-*JONES* SUPPLEMENTAL MEMORANDUM**

The United States files this supplemental memorandum in anticipation of a hearing scheduled for September 21, 2020. Under the Eleventh Circuit's recent decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), Moss is technically eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). But for the reasons outlined in its original response in opposition, after considering the 18 U.S.C. § 3553(a) factors, this Court should exercise its discretion and deny Moss's motion for sentence reduction. (Docs. 1564, 1565.)

**Factual Background**

On January 19, 1992, a jury convicted Moss of conspiracy to distribute multi-kilogram quantities of powder cocaine and multi-ounce quantities of cocaine base, in violation of 21 U.S.C. § 846 (Count One), employment of a person under 18 years of age to commit drug trafficking crimes, in violation of 21 U.S.C. § 861(a)(1) (Count Two), use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three), and use of a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b) and (c) (Count Ten). (PSR ¶¶ 1-

6.)[1] The PSR explained Moss received large quantities of cocaine base from his codefendant, Ricky Jivens. (PSR ¶¶ 9, 14-16.) During a search of a residence frequented by Moss, police found $8,000 in cash and approximately 99 grams of cocaine base. (PSR ¶ 20.) Additionally, at trial, a witness testified that Moss delivered him a half-kilogram of cocaine base. (PSR ¶ 22.) Moss admitted, while testifying, that he received two kilograms of cocaine base from Jivens. (PSR adden.) Based on the evidence, the PSR attributed "at least" five kilograms of cocaine base to Moss. (PSR ¶ 26.) Moss also admitted at trial that he was a member of the cocaine base conspiracy, but, in his objections to the PSR, he claimed he was acting under duress and denied committing several acts that were proved at trial. (PSR ¶ 28.)

Under U.S.S.G § 3D1.2(d), the PSR grouped Counts One, Two and Ten. (PSR ¶ 10.) Count Two—the employment of a minor for drug trafficking charge—had the highest offense level at 41, under §§ 2D1.1(c)(2), 2D1.2(a)(2) and 3D1.3(b). (PSR ¶¶ 30, 31.) A two-level adjustment for role in the offense was included under § 3B1.1(c). (PSR ¶ 33.) Moss also received a two-level adjustment for committing perjury at trial. (PSR ¶ 35.) With a total offense level of 45, and a criminal history category III, Moss's guidelines range was life imprisonment. (PSR ¶¶ 38, 43, 47.) Statutorily, as a result of 21 U.S.C. § 841(b)(1)(A), Moss faced a 10-year minimum sentence under Count One, and a maximum life sentence under Counts One and Two. (PSR ¶ 46.) For Count 10, he was subject to a maximum sentence of four years, and he was subject to

---

[1] "PSR" refers to the presentence investigation report dated March 16, 1992.

five years' to life imprisonment, consecutive, under Count Three.  (PSR ¶ 46.)  On March 27, 1992, the district court sentenced Moss to life imprisonment, plus 60 months.  *See Moss v. United States*, No. CV497-108, 2007 WL 80873, at *1 (S.D. Ga. Jan. 8, 2007) (magistrate court report and recommendation in § 2255 proceeding).

In September 2012, Moss requested an 18 U.S.C. § 3582(c)(2) reduction based on the Fair Sentencing Act of 2010 and the retroactive sentencing guidelines amendments under Amendments 750 and 759.  (Doc. 1384.)  Senior U.S. District Court Judge B. Avant Edenfield considered and denied Moss's motion, explaining Moss's "case is one this Court remembers very well" and that "[g]iven Defendant's history and characteristics, the Court cannot reconcile the idea of Defendant's release from prison at any time in the future with the idea of adequately protecting the public, as Defendant has truly shown himself to be a criminal of the worst kind." (Doc. 1396.) Moss filed another § 3582(c)(2) motion in July 2015 based upon Amendment 782 to the sentencing guidelines.  (Doc. 1494.)  The Government opposed this request, again based on Moss's history and characteristics.  (Doc. 1497.)  Senior U.S. District Judge Dudley H. Bowen, Jr. denied the motion. (Doc. 1503.)  Moss moved for reconsideration, which the Court also denied, stating that "Defendant is a danger to society and that a reduction in sentence from his term of life imprisonment is not warranted."  (Docs. 1505, 1506.)  In January 2016, Moss moved a second time for reconsideration of his § 3582(c)(2) motion; the Court denied this as well. (Docs. 1520, 1546.)

Moss now requests a sentence reduction under the First Step Act and 18 U.S.C.

§ 3582(c)(1)(B). (Doc. 1564.) He is serving a life sentence, incarcerated at USP Pollock in Pollock, Louisiana.[2]

## Legal Analysis

### A. *The First Step Act and Fair Sentencing Act of 2010.*

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c) bears the initial burden of establishing that he is, in fact, eligible for such relief.[3] *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that, under analogous § 3582(c)(2), defendant bears the burden of establishing eligibility for sentence reduction). The First Step Act, Pub. L. 115-391, 132 Stat. 5194 (2018), was enacted December 21, 2018. Section 404 of the Act permits this Court, upon its own motion, or upon motion of the Bureau of Prisons (BOP), the defendant, or the government, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if no such reduction was previously granted. Section 404 provides:

> (a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court,

---

[2] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Aug. 31, 2020).

[3] Defendants seeking a sentence reduction under § 3582(c)(1)(B) are not entitled to a hearing. *United States v. Denson*, 963 F.3d 1080, 1086-89 (11th Cir. 2020) (explaining that "the First Step Act 'does not mention, let alone mandate a hearing'" and that "the First Step Act itself does not grant [a defendant] a legal right to a hearing").

impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act, Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Section 2 of the Fair Sentencing Act reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum and statutory maximum sentences under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372. For example, prior to enactment of the Fair Sentencing Act, in order to be subject to a 10-year mandatory minimum sentence under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), a defendant needed to be responsible for 50 grams or more of cocaine base. *See DePierre v. United States*, 564 U.S. 70, 75 & n.3 (2011). After the Fair Sentencing Act, though, a defendant must be responsible for at least 280 grams of cocaine base in order to trigger the same 10-year mandatory minimum sentence under § 841(b)(1)(A). *See id.* Section 3 of the Fair Sentencing Act modified the penalties related to simple possession of cocaine base under 21 U.S.C. § 844(a). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 3, 124 Stat. 2372.

According to § 3582(c)(1)(B), the district court may "modify an imposed term of

imprisonment to the extent otherwise expressly permitted by statute . . . ." As explained above, the First Step Act allows the district court to modify a previously imposed sentenced by "impos[ing] a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, § 404, 132 Stat. 5194. Where the recalculation of the sentencing guidelines range is warranted, the Court may reduce (but is not required to) a defendant's sentence to a term within the new range, or even below the advisory range, after having considered the § 3553(a) factors. *See, e.g., United States v. Rose*, 379 F. Supp. 3d 223, 232-35 (S.D.N.Y. 2019) (explaining under First Step Act that court is not bound to sentence within guidelines, but must consider them along with § 3553(a) factors); *United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019) ("The sentencing guidelines inform the Court's discretion to be sure. But [under the First Step Act] they do not limit the Court's discretion as they did in earlier rounds under 18 U.S.C. § 3582(c)(2)."). However, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*.

> **B. Moss is eligible for a reduced sentence under section 404 of the First Step Act.**
>
>> **1.     Moss's convictions under Counts One and Two are "covered offenses" under section 404(a).**
>>
>>> ***a.     Jones* *and subsequent caselaw.***

The Eleventh Circuit, in *Jones*, 962 F.3d 1290, recently addressed what qualifies as a "covered offense" for the purposes of the First Step Act.  There, the

*Jones* court explained that "[a] movant's offense is a covered offense" under section 404(a) "if section two or three of the Fair Sentencing Act modified its statutory penalties." *Id*. at 1298. In other words, "a movant has a 'covered offense' if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act." *Id*. To make this determination, the Eleventh Circuit stated district courts should "consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment," and "determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). *Id*. at 1300-01. "If so, the movant committed a covered offense." *Id*. at 1301.

In *United States v. Kilgore*, — F. App'x —, 2020 WL 4579354, at *2 (11th Cir. Aug. 10, 2020), the Court summarized *Jones*:

> First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id*. at 1301. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id*. at 1298; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id*.
>
> District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id*. at 1300-01. We rejected the

7

> government's argument in *Jones* that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*
>
> Accordingly, any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *Id.* at 1301-02. ***However, a judge's actual drug-quantity finding remains relevant to the extent that the judge's finding triggered a higher statutory penalty***. *Id.* at 1302. Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See id.*
>
> . . .
>
> Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1304-04

*Id.* at *2-*3 (bold and italics added).

However, a § 3582(c)(1)(B) proceeding is not a plenary or de novo resentencing. *See Denson*, 963 F.3d at 1089. Thus, the First Step Act does not allow a defendant to relitigate those issues unaffected by sections 2 or 3 of the Fair Sentencing Act— including prior drug quantity findings made by the district court at the original sentencing; guidelines applications/calculations apart from those related to subsequent crack cocaine amendments by the sentencing commission, subsequent changes in caselaw, or enhancements imposed under 21 U.S.C. § 851. *See Jones*, 962 F.3d at 1304 ("The district court did not err in refusing to allow Jones to relitigate his drug-quantity finding."). In *Denson*, the Eleventh Circuit held that "the district court's sentence modification under the First Step Act was not concerned with any 'errors' at his original sentencing that may or may not 'undermine' his sentence in its entirety." 963 F.3d at 1089. The *Denson* Court explained that the Fair Sentencing Act's changes to "§ 841(b) were not to correct a sentencing error or 'constitutionally compelled' but rather 'represent[ed] a congressional act of lenity.'" *Id*. Therefore, "in ruling on a defendant's First Step Act motion, the district court (1) is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense, and (2) is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3, to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3, or to change the defendant's sentences on counts that are not 'covered offenses.'" *Id*.; *see also United States v. Carter*, 792 F. App'x 660, 663 (11th Cir. 2019) ("The First Step

Act's instruction that courts 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed' implies that Congress has expressly permitted courts to retroactively apply only the Fair Sentencing Act to defendants who qualify, while otherwise considering their sentence against the backdrop of the legal landscape at the time of their offense.").

### b.  *Application of* Jones *results in Moss being convicted of "covered offenses."*

For the purposes of his motion, the relevant counts are Count One (conspiracy to distribute) and Count Two (employment of persons under 18 years of age in commission of controlled substance offense). Moss admitted at trial that he received two kilograms of cocaine base from Jivens. (PSR adden.)  The PSR attributed "at least" five kilograms of cocaine base to Moss. (PSR ¶ 26.)  Because the PSR and the Court found Moss responsible for at least five kilograms of crack cocaine, the Court imposed a sentence under 21 U.S.C. § 841(b)(1)(A).  At that time, a conviction under § 841(b)(1)(A) required a defendant to be responsible for 50 grams or more of crack cocaine, but after passage of the Fair Sentencing Act, that section was modified to require at least 280 grams of cocaine base in order to trigger the same statutory penalties. Thus it appears that, pursuant to *Jones*, Moss's conviction is a "covered offense" for the purposes of section 404(a).

### 2.  *The Court has the authority to reduce Williams's sentence, but is not required to do so.*

Despite qualifying as a "covered offense," *Jones* holds that a district court does not automatically have the authority to reduce the defendant's sentence. *See* 962 F.3d

10

at 1303. The Eleventh Circuit explained:

> But a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence. Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.' First Step Act § 404(b).
>
> This 'as-if' requirement imposes two limits relevant to these appeals. First, it does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act. Second, in determining what a movant's statutory penalty would be under the Fair Sentencing act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.

*Id.* In other words, once a defendant establishes eligibility under section 404(a), the district court must recalculate the statutory penalty range "as if" the Fair Sentencing Act had been in effect at the time of sentencing. *See also id.* at 1303-04 (holding district courts are to consult judge-found facts that "could have been used to determine the movant's statutory penalty at the time of sentencing" in determining statutory penalty range under section 404(b)).

This analysis mostly pertains to defendants, such as Moss, who were sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). At his original sentencing, the PSR and the Court found Moss was responsible for "at least" 5 kilograms of crack cocaine. (PSR ¶ 26.) Moss himself testified at trial that he received two kilograms from Jivens. (PSR adden.) Under *Jones*, the district court may still consider this when determining the applicable statutory range of punishment. *See Jones*, 962 F.3d at 1303. Five kilograms of crack cocaine remains in excess of the 280-gram threshold contained in the Fair-Sentencing-Act-amended § 841(b)(1)(A). Thus, in recalculating

11

the statutory penalty range as required under *Jones*, Moss remains subject to the statutory penalty range under § 841(b)(1)(A).

At the time of Moss's original sentencing, as well as under the current 2018 edition of the sentencing guidelines, a defendant convicted under 21 U.S.C. § 861(a)(1), has a base offense level that equals the offense level under U.S.S.G. § 2D1.1(c) plus 1 additional offense level. *See* U.S.S.G. § 2D1.2(a)(2). Here, Moss was responsible for at least five kilograms of crack cocaine, which under the current guidelines indicates a base offense level of 34 under § 2D1.1(c)(3). Thus, Moss's current base offense level is 35. He is still subject to a two-level enhancements for role in the offense, § 3B1.1(c), and for obstruction of justice, § 3C1.1. (PSR ¶¶ 27, 33, 35.) Moss's total offense level is 39. Moss remains a criminal history category III. (PSR ¶ 43.) As a result, Moss's recalculated advisory guidelines range is 324 to 405 months' imprisonment, plus a consecutive 60 months' imprisonment for his § 924(c) conviction.

### C. After considering the sentencing factors under § 3553(a), this Court should, in its discretion, decline to sentence Moss to less than life imprisonment.

Considering the sentencing factors under 18 U.S.C. § 3553(a), the government continues to recommend a life sentence for Moss. Under the First Step Act, "[d]istrict courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they *may* consider all the relevant factors, including the statutory sentencing factors. 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304 (emphasis added). Given the language of *Jones*, it is unclear whether,

in the context of the First Step Act, a district court *must* consider the § 3553(a) factors. *See United States v. Sterlin*, — F. App'x —, 2020 WL 5042980, at *3 (11th Cir. Aug. 26, 2020) ("Although we stated in *Jones* that a district court may consider the § 3553(a) factors when assessing an eligible movant's request for a sentence reduction under Section 404(b), we have not addressed in a published decision whether a district court is required to do so."). That being said, as explained above, nothing in the First Step Act requires a Court to reduce a defendant's sentence, even if he is eligible. *See* First Step Act, § 404(c); *see also Jones*, 962 F.3d at 1304 ("The district court had the authority to reduce [the defendants'] sentences, but it was not required to do so."); *United States v. Alston*, No. CR 106-084, 2020 WL 5077744, at *2 (S.D. Ga. Aug. 27, 2020); *United States v. Anderson*, 795 F. App'x 798, 799 (11th Cir. 2020) ("We take Congress at its word that 'nothing' in the First Step Act required the district court to reduce Anderson's sentence. 'Nothing' means nothing.").

Even if this Court is not required to consider the § 3553(a) factors, those factors still support a life sentence for Moss. As outlined in its original response in opposition, this is not an appropriate case for exercise of the Court's discretion to reduce a sentence. *See* First Step Act § 404(c). As detailed in the PSR, Moss was an active participant in the notorious Jivens gang which terrorized Savannah in the early 1990s.[4] (PSR ¶¶ 9-26.) This Court has already on several occasions declined to

---

[4] In the early 1990s, Ricky Jivens was the head of large crack-cocaine conspiracy which "was responsible for many homicides and aggravated assaults in Savannah." *See United States v. Newton*, 44 F.3d 913, 917 (11th Cir. 1994). "To insure loyalty and to prevent members from readily turning on their former confederates, Ricky Jivens insisted on all of the principals 'getting down,' that is,

13

reduce Moss's sentence. (Docs. 1396, 1503, 1506, 1546.) Judge Edenfield, who presided over the original trial and sentencing, stated that Moss "has truly shown himself to be a criminal of the worst kind" and that the public could not be adequately protected if Moss were released from prison. (Doc. 1396.) Judge Edenfield recounted how Moss belonged to "a murderous drug group" that terrorized Savannah, and that he was "a deceitful, deadly individual who unhesitatingly recruited and trained others, often minors, to engage in senseless violence as well." (Doc. 1396.) Similarly, Judge Bowen remarked that Moss was "a danger to society and . . . a reduction in sentence from his term of life imprisonment is not warranted." (Doc. 1506.)

In his motion, Moss addresses several instances of violence that he believes were erroneously attributed to him. (Doc. 1564 at 10-11.) However, Judge Edenfield presided over this case for much of its lifespan, and he acknowledged, in 2012, that "[w]hile [Moss] himself may not have been a triggerman in the murders associated with his gang, the evidence plainly revealed that he was well-embroiled in numerous violent incidents." (Doc. 1396.) The Eleventh Circuit echoed this, noting that "[v]iolence was routine to this cocaine and crack peddling gang that . . . was reputed to be responsible for one-third of Savannah's 1991 homicides." *United States v. Bazemore*, 41 F.3d 1431, 1432-33 (11th Cir. 1994). Thus, it appears that Moss continues to minimize his role and the consequences of his actions. The United States respectfully requests that this Court continue to heed Judges Edenfield's and Bowen's

---

killing someone before receiving any sizeable quantity of 'fronted' cocaine. The Jivens organization was equally murderous in dealing people who owed them money, stole from them or sought to, in Ricky Jivens' words, 'switch out.'" *Id.*

words and decline to reduce Moss's sentence.[5]

Given these facts, as Judges Edenfield and Bowen previously explained, life remains an appropriate sentence based upon the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

## Conclusion

For the above reasons, the United States respectfully requests that this Court exercise its discretion and deny Moss's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(B). (Doc. 1564.)

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*//s// Justin G. Davids*
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

---

[5] Moss also does not have a clean disciplinary record with BOP. (Exh. A.)

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court.

This September 2, 2020.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***//s// Justin G. Davids***
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422